FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 28 AM 10: 21
CLERK R. Our
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

PERRY M. ORLANDO,

    Petitioner,

vs.

WARDEN, FEDERAL SATELLITE LOW,

    Respondent.

CIVIL ACTION NO.: CV210-007

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Perry Orlando ("Orlando"), who was formerly incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Orlando asserts that his right to due process was violated because he had no prior notice of the prison infraction for which he was found guilty. Respondent contends that Orlando's contentions are not properly before the Court pursuant to § 2241, due process is not required for the loss of privileges, and due process was satisfied, even if it was not required.

Orlando was charged with "possession of anything not authorized", in violation of Code 305, based on his possession of more than the allowable quantity of postage stamps. Orlando asserts that he did not receive notice that possession of more than three (3) books of stamps is a prohibited act. Orlando also asserts that Respondent

informed him during the appeals process that Institution Supplement JES 5580.07H instructs inmates that they are limited to having stamps with "a maximum value equal to 60 stamps at a first class rate." (Doc. No. 1, p. 6). Orlando states that this Supplement was not placed in the law library until after he was charged with committing this prohibited act. Orlando alleges that he never received prior notice of the prohibition against more than 60 stamps, and the finding of guilt violated due process. Orlando requests that his incident report be expunged.

A writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute clearly refers to the legality of the prisoner's custody, not to conditions a prisoner may experience while incarcerated. Thus, "while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment," its availability as a means of contesting the conditions of confinement is a question that has expressly been left open by the Supreme Court. Gomez v. United States, 899 F.2d 1124, 1126-27 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 504 (1973), and Bell v. Wolfish, 441 U.S. 520, 527, n.6 (1979)). Claims in which an inmate seeks relief challenging the fact of his conviction or duration of his sentence "fall within the 'core' of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (quoting Preiser, 411 U.S. at 489). In contrast, those constitutional claims challenging the conditions of confinement, "whether the inmate seeks monetary or

AO 72A
(Rev. 8/82)

injunctive relief, fall outside of that core" and should "be brought pursuant to" a civil rights action. See id. (citing Muhammed v. Close, 540 U.S. 749, 750 (2004)).

The Eleventh Circuit has recognized that in the absence of a ruling of the Supreme Court on this issue, the circuits are not in complete agreement as to whether certain constitutional violations may be presented by habeas corpus petitions:

> Some authorities do not permit such claims to be asserted in a habeas corpus action. Lee v. Winston, 717 F.2d 888, 893 (4th Cir. 1983) (claim to enjoin surgery is not cognizable as a petition for writ of habeas corpus); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (the writ of habeas corpus is limited to attacks on either the legality or the duration of confinement); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (medical treatment claim is not cognizable in a federal habeas proceeding); United States, ex. rel. Broadnax v. DeRobertis, 565 F. Supp. 327, 338 (N.D. Ill. 1983) (agreeing with the Ninth Circuit's Crawford decision and finding that claims concerning unconstitutional prison conditions are not cognizable on a petition for writ of habeas corpus). But cf. Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (prisoners alleging substantial constitutional violations may seek writs of habeas corpus to challenge conditions of confinement).

Gomez, 899 F.2d at 1126. The Eleventh Circuit has found that an inmate's constitutional claims, even if proven, would entitle him only to a correction of the unconstitutional conditions, not a release from custody. Id. The law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions. Id. at 1127.

Orlando readily admits that he is not attacking the legality of his detention, (Doc. No. 1, p. 4), and the only relief Orlando requests is to have his incident report expunged from his record. (Id. at p. 8). Because Orlando is not attacking the legality of his detention, but rather, a condition of his confinement, his petition should be dismissed.

3

It is unnecessary to address the remaining portions of Respondent's Response.[1]

Based on the foregoing, it is my **RECOMMENDATION** that Orlando's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 28th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Orlando, based on the undersigned's reading of his petition, complains that he did not receive prior notice that the possession of more than 60 stamps was a prohibited act, not that he is entitled to due process considerations based on the imposition of sanctions or that he did not receive written notice of the charged violation before the disciplinary hearing.

AO 72A
(Rev. 8/82)